

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

STEPHEN KITZINGER
Phone: (212) 356-2087
SKitzing@law.nyc.gov

May 17, 2019

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
Chambers 533
White Plains, New York  10601-4150

       Re:  *Cedeno v. Dep't of Educ., et ano.*
            Case No. 19 CV 2300 (KMK)

Dear Judge Karas:

      I am the Assistant Corporation Counsel assigned to represent the City of New York (the "City") and the Board of Education of the City School District of the City of New York, improperly sued herein as the Department of Education of the City of New York (the "DOE") in the above-referenced action brought pursuant to "the 14th Amendment,"[1] Title IX, and the New York State (the "NYSHRL") and City Human Rights Laws (the "NYCHRL"). Plaintiff's claim is essentially that the defendants failed to intervene in response to his being bullied while a student enrolled in various New York City public schools. This pre-motion letter is submitted in accordance with Your Honor's Individual Rules of Practice as defendants desire to make a motion to dismiss in accordance with Rule 12(b) of the Federal Rules of Civil Procedure.[2]

---

[1] Defendants presume that plaintiff intended to plead a claim pursuant to 42 U.S.C. § 1983 asserting that his claims guaranteed to him under the Equal Protection Clause of the 14th Amendment were violated.

[2] Upon information and belief, the summonses delivered with the complaint were defective in that they were not properly completed. Nonetheless, defendants submit this pre-motion letter setting forth the bases for their proposed motion.

Initially, defendants note that although plaintiff asserted in the Civil Cover Sheet that this case should be assigned to White Plains, the Rules for the Division of Business among District Judges mandate that the case should be assigned to Manhattan. Rule 18 provides, in sum and substance, that unless the claim arose or at least half of the parties reside in one of the "Northern Counties," the case is to be assigned to Manhattan. Here, the claim arose (to the extent it arose at all) within the Bronx County, which is within the Southern District of New York and not one of the Northern Counties, and none of the parties reside in the Northern Counties. Accordingly, it should be reassigned to the Manhattan courthouse.

As to defendants' proposed motion, the claims against the City are improper. The DOE and the City are distinct legal entities and one is not responsible for the acts of the other. *Perez v. City of N.Y.*, 41 A.D.3d 378, 379 (1st Dep't 2007); *Gonzalez v. Esparza*, 2003 U.S. Dist. LEXIS 13711 at *4 (S.D.N.Y. July 30, 2003); *Campbell v. City of N.Y.*, 203 A.D.2d 504, 505 (2nd Dep't 1994). Not a single allegation in the complaint even mentions an act taken by the City of New York. Rather, plaintiff incorrectly alleges that the DOE is a "political subdivision of" the City. It is not. N.Y. Education L. § 2590-b(1)(a) ("The board of education of the city school district of the city of New York is hereby continued."). Accordingly, the complaint should be dismissed as against the City.

Plaintiff's claims under the NYCHRL and NYSHRL fail because they are untimely. Claims under the NYCHRL and NYSHRL must be commenced within one year following the accrual of the cause of action. *See* New York Education Law § 3813(2-b). Here, the last act complained of occurred on September 27, 2017, the day when plaintiff caused the death of one student and inflicted serious bodily injury to another – which was plaintiff's last day in school. As this action was not commenced until, at the earliest, March 14, 2019, claims pursuant to the NYCHRL and NYSHRL are barred by the applicable statutes of limitation and must be dismissed. *Floyd v. N.Y.C. Dep't of Educ.*, No. 10 Civ. 8951, 2014 U.S. Dist. LEXIS 5870, at *20-21, 2014 WL 171156 (S.D.N.Y. Jan. 13, 2014) ("Suits against the [DOE] or [DOE] officers for violations of the NYSHRL or NYCHRL must . . . be commenced within one year of the alleged discriminatory act.").

For the foregoing reasons, defendants respectfully request that the Court schedule a conference to address defendant's proposed motion to dismiss the complaint. Thank you for your attention to this matter.

                Respectfully yours,

                s/Stephen Kitzinger
                Stephen Kitzinger
                Assistant Corporation Counsel